**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 10-10542 |
| | 10-10543 |
| Plaintiff - Appellee, | |
| | D.C. No. 2:98-cr-00856-RCC-DTF |
| v. | D.C. No. 4:09-cr-02813-RCC-DTF |
| FRANCISCO JAVIER DUARTE-SABORI, a.k.a. Francisco Javier Duarte, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

In these consolidated appeals, Francisco Javier Duarte-Sabori appeals from

the 63-month sentence imposed following his guilty-plea conviction for re-entry

after deportation, in violation of 8 U.S.C. § 1326, and from the consecutive four-

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

month sentence imposed following revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Duarte-Sabori contends that the district court erred by failing to explain its decision to deny a departure for cultural assimilation. He also contends that his sentence is substantively unreasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the district court's decision to impose a consecutive sentence for the supervised release violation. The district court did not procedurally err, and Duarte-Sabori's below-Guidelines sentence is reasonable in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. §§ 3553(a) and 3583(e). *See Gall v. United States*, 552 U.S. 38, 51 (2007); U.S.S.G. § 7B1.3(f) (recommending that a supervised release revocation sentence be ordered to be served consecutively to "any sentence of imprisonment that the defendant is serving").

Duarte-Sabori also contends that the government acted arbitrarily by refusing to move for a third point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). His argument is foreclosed by *United States v. Johnson*, 581 F.3d 994, 1002-04 (9th Cir. 2009) (district court did not err in declining to grant additional one-level reduction because defendant's refusal to waive appellate rights was rational basis for the government's decision not to file a section 3E1.1(b) motion).

**AFFIRMED.**